Opinion filed December 10, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed December 10,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00129-CV

                                                    __________

 

$2,550 UNITED STATES CURRENCY AND 2007 CHEVROLET
AVALANCHE PICKUP, TX PLATE #71MXK4, 

VIN #3GNFK12317G118122, Appellant

 

V.

 

STATE OF TEXAS, Appellee

 



 

On Appeal from the 106th District Court

 

Gaines County, Texas

 

Trial Court Cause No. 07-09-15513

 



 

M E M O R A N D U M   O P I N I O N

 

This
appeal stems from a civil forfeiture proceeding brought by the State against
items of personal property belonging to Will Wasson Guthrie.  The trial court
found that the items were contraband under Chapter 59 of the Texas Code of
Criminal Procedure and ordered that they be forfeited.  See Tex. Code Crim. Proc. Ann. ch. 59
(Vernon 2006 & Supp. 2009).  Guthrie appeals.  We affirm. 








In
the sole issue on appeal, Guthrie asserts that the trial court erred in failing
to continue the cause so that the lienholder, Marvin Williams, could be added
as a party.  We disagree.  The record shows that the notice of seizure and
intended forfeiture was filed on September 12, 2007.  On March 12, 2008, at
Guthrie=s behest,
Guthrie=s girlfriend
attempted to perfect a lien on the 2007 Chevrolet Avalanche pickup in favor of
Williams.  No motion for continuance was requested, and the forfeiture issue
was tried as scheduled on March 13, 2008.  Williams was called as a witness by
the State. Williams testified that, although Guthrie had agreed to give
Williams the title to the pickup as collateral for a debt, Guthrie had not
given him the title.  Williams specifically testified that he did not attempt
to secure a lien against the pickup.

The
lien was not timely perfected under Chapter 59, and the trial court ordered
that it Abe declared
void.@  We cannot hold
that the trial court should, instead, have sua sponte continued the trial so
that Williams B who
testified at the forfeiture proceeding and denied the existence of any lien in
his favor B could be
added as a party.  Guthrie=s
issue is overruled.  

The
judgment of the trial court is affirmed.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

December 10,
2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.